# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

LARRY CALDWELL,

                  Plaintiff,

v.

WISCONSIN DEPARTMENT OF CORRECTIONS and JON E. LITSCHER,

                  Defendants.

Case No. 17-CV-751-JPS

**ORDER**

      Plaintiff filed a *pro se* complaint for alleged violations of his constitutional rights. (Docket #1). This matter comes before the court on Plaintiff's petition to proceed *in forma pauperis*. (Docket #2). Notwithstanding the payment of any filing fee, the Court must dismiss a complaint if it raises claims that are "frivolous or malicious," that is, fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

      A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the…claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he/she was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him/her

by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's pro se allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Plaintiff's substantive allegations are incredibly confused and nearly impossible to read. (Docket #1 at 3-6). Construing his complaint with exceeding generosity, the Court gleans the following. Plaintiff was convicted of first degree sexual assault in the late 1970s. Sometime after his release from the resulting sentence, he was required to register as a sex offender. Though Plaintiff complains that this violates various constitutional protections, retroactive sex offender registration statutes are permissible. *Steward v. Folz*, 190 F. App'x 476 (7th Cir. 2006) (similar sex offender registration statute did not offend the *ex post facto* clause, the double jeopardy clause, or due process). Further, Plaintiff's registration appears to be in accordance with Wisconsin law. Plaintiff began his registration upon release from imprisonment in 1994. The Wisconsin sex offender registration statute provides that anyone released from prison or who is on supervised release after December 1993, who was incarcerated and/or under supervision for an applicable offense (including sexual assault), must register. Wis. Stat. § 301.45(1g)(b).

Plaintiff's remaining complaints focus on the administration of the sex offender registration program, namely that he wants to be removed from it. Again, the registration statute reveals that Plaintiff's continued registration in proper. His underlying offense was for first degree sexual

assault, and the Wisconsin registration statute provides that such a conviction requires lifetime registration. *Id.* § 5(b)(1m) ("A person who is covered under sub. (1g)[(b)] . . . shall continue to comply with the [registration] requirements of this section until his or her death if any of the following applies: The person has been convicted . . . for a violation, or for the solicitation, conspiracy or attempt to commit a violation, of s. 940.225(1) [which defines first sexual assault][.]"). Plaintiff's complaint describes certain recent attempts to be removed from the registry, but such action would be entirely within the discretion of the appropriate Wisconsin state officials (presumably the relevant prosecutor, the Department of Corrections, or both). Their decisions are, at best, matters involving the interpretation of Wisconsin law, a task which is reserved for Wisconsin state courts. Because Plaintiff fails to state any cognizable federal claims, his complaint must be dismissed. It will be dismissed without prejudice to the extent Plaintiff wishes to bring any claims in Wisconsin court.

Because the complaint in this action will be dismissed, the Court will also deny Plaintiff's request for appointed counsel as moot. (Docket #3).

Accordingly,

**IT IS ORDERED** that the plaintiff's motion to *proceed in forma pauperis* (Docket #2) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that the plaintiff's motion for appointment of counsel (Docket #3) be and the same is hereby **DENIED as moot**;

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted; and

**THE COURT FURTHER CERTIFIES** that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) unless the plaintiff offers bonafide arguments supporting his appeal.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 1st day of June, 2017.

BY THE COURT:

J. P. Stadtmueller
U.S. District Judge